IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ANTONIO ENRIQUEZ**                                                                    **PLAINTIFF**

vs.                                                    No. 5:19-cv-485

**RAHUL PATEL; TRANSCONTINENTAL**                                   **DEFENDANTS**
**ENERGY RESOURCE, LLC; and**
**TRANSCONTINENTAL OIL & GAS, LLC**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Antonio Enriquez ("Plaintiff"), by and through his attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendants Rahul Patel; Transcontinental Energy Resource, LLC; and Transcontinental Oil & Gas, LLC (collectively "Defendants"), and he does hereby state and allege as follows:

## I.
## INTRODUCTION

1.      This is an action brought by Plaintiff against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA"), breach of contract, unjust enrichment, and *quantum meruit*.

2.      Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, within the applicable statutory limitations period, as a result of Defendants' failure to pay proper minimum wage and overtime compensation under the FLSA.

3.      Plaintiff seeks monetary damages, prejudgment interest, penalties and costs, including a reasonable attorney's fee, within the applicable statutory limitations period, as a result of Defendants' failure to properly pay to Plaintiff his wages earned prior to his discharge from employment after Plaintiff made lawful demand upon Defendants for payment to which he is owed.

4.      Plaintiff seeks monetary damages, punitive damages, prejudgment interest, civil penalties and costs, including a reasonable attorney's fee, within the applicable statutory limitations period, as a result of Defendant's receipt of services performed by Plaintiff and money to which Plaintiff is entitled for which Defendants knowingly and maliciously provided no benefit or consideration in exchange, despite knowing that Plaintiff performed such services with the anticipation of receiving compensation.

## II.
## JURISDICTION AND VENUE

5.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6.      Plaintiff's claims for breach of contract, unjust enrichment, and *quantum meruit* form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

7.      Therefore, this Court has supplemental jurisdiction over Plaintiff's breach of contract and unjust enrichment claims pursuant to 28 U.S.C. § 1367(a).

8.      Defendants conduct business within the State of Texas, with their principal place of business in Houston.

9.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because Plaintiff worked out of his residence in San Antonio, the Defendants do business in Texas, so the State of Texas therefore has personal jurisdiction over Defendants.

10.     Plaintiff was employed by Defendants as a Senior Account Manager for their oil and gas sales operation located in the Texas and Mexico. Therefore, the acts alleged in this Complaint had their principal effect within the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III.
### THE PARTIES

11.     Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

12.     Plaintiff is a resident of Bexar County and is domiciled in the State of Texas.

13.     Plaintiff was employed by Defendants as Senior Account Manager for Defendants' business.

14.     Plaintiff began his employment with Defendants on or about February 18, 2019, and continued until March 22, 2019, when Defendants terminated Plaintiff.

15.     Plaintiff was an "employee" of Defendants as defined by the FLSA.

16.     Within the relevant time period, Plaintiff was a salaried employee who was to receive bonuses based on sales performance.

17.     Defendant Rahul Patel ("Defendant Patel") is an individual and resident of Harris County, and at all times relevant to this Complaint, is and has been an officer and owner, member, partner and/or shareholder of Transcontinental Energy Resource, LLC, and Transcontinental Oil & Gas, LLC.

18.     Defendant Transcontinental Energy Resource, LLC, is a domestic limited liability company, organized and conducting business under the laws of the State of Texas, and may be served through its registered agent for service of process Rahul Petal (*sic*) at 7324 Southwest Freeway, Suite 1040, Houston, Texas 77074.

19.     Defendant Transcontinental Energy Resource, LLC, maintains its principal office at 7324 Southwest Freeway, Suite 1040, Houston, Texas 77074.

20.     Defendant Transcontinental Oil & Gas, LLC, is a domestic limited liability company, organized and conducting business under the laws of the State of Texas, and may be served through its registered agent for service of process Rahul Petal (*sic*) at 7324 Southwest Freeway, Suite 1040, Houston, Texas 77074.

21.     Defendant Transcontinental Oil & Gas, LLC, maintains its principal office at 7324 Southwest Freeway, Suite 1040, Houston, Texas 77074.

22.     Defendant Patel operates multiple businesses under the umbrella name of Transcontinental Group, including Transcontinental Energy Resource, LLC, and Transcontinental Oil & Gas, LLC.

23.     Defendant Patel has at all times relevant hereto controlled the day-to-day operations of Transcontinental Energy Resource, LLC, and Transcontinental Oil & Gas, LLC, such that he is liable to Plaintiff as an employer under the FLSA.

24.     Defendant Patel established and maintained the wage and employment practices at issue in this case.

25.     Defendant Patel was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

26.     Defendants maintain a website located at http://transcon.us, wherein their business address is listed as 7324 Southwest Freeway, Suite 2-1040 Houston, TX 77040.

27.     Upon reasonable information and belief, Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

28.     Defendants were at all times relevant hereto Plaintiff's employer and have been engaged in interstate commerce as that term is defined under the FLSA.

## IV.
## FACTUAL ALLEGATIONS

29.     Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

30.     Within the time period relevant to this case, Plaintiff worked for Defendants out of his home in San Antonio and visited customers throughout Texas and Mexico.

31.     Plaintiff's primary duties consisted of making sales calls, whether by telephone or in person, to various contacts throughout Texas and Mexico, persuading the customers to buy Defendants' products.

32.     Plaintiff had customer contacts from his prior work experience in the oil and gas industry in Texas and Mexico and introduced Defendants' executives and employees to those customers.

33.     Plaintiff regularly and typically worked more than forty (40) hours per week while working for Defendants.

34.     For the duration of his employment, Plaintiff was classified by Defendants as an exempt salaried employee, with a commission on sales.

35.     At all times relevant hereto, Plaintiff had no investment in Defendants' business or operations, and Defendants provided Plaintiff with all supplies, equipment, and facilities necessary to perform his job, including a vehicle, computer, and gas card.

36.     Defendants at all times relevant hereto maintained an employer-employee relationship with Plaintiff

37.     Defendants only paid Plaintiff one paycheck, despite him working additional pay periods.

38.     Defendants did not pay Plaintiff one and one-half times his regular rate of pay for all hours worked over forty (40) per week.

39.     Defendants failed to pay and have yet to pay to Plaintiff his last paycheck after his employment with Defendants was terminated on March 22, 2019, despite Plaintiff making lawful demand upon Defendants that they do so and Defendants promising upon termination that they would pay him his wages on March 25.

40.     Defendants also promised to reimburse expenses Plaintiff incurred while working and visiting customers but have not done so.

41.     Defendants knew, or showed reckless disregard for whether, the way they paid, and failed to pay, Plaintiff violated the FLSA.

42.     Plaintiff routinely used office equipment such as telephones, computers and fax machines, and sold products for oil and gas production. Thus, he used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

**V.**
**FIRST CAUSE OF ACTION**
**(Claim for Violation of the FLSA)**

43.     Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

44.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

45.     At all times relevant hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

46.     During the course of his employment with Defendants, Plaintiff was regularly and typically directly involved in interstate commerce, specifically by routinely using office equipment such as telephones, copiers, fax machines and invoices, and selling products to be used in oil and gas production, and other items that were produced for or traveled in interstate commerce.

47.     At all times relevant hereto, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

48.     Title 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

49.     Defendants misclassified Plaintiff as exempt from the requirements of the FLSA.

50.     Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff a minimum wage for all hours worked up to forty (40) in one week and to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

51.     Defendants willfully and intentionally failed to pay minimum wage and overtime wages to Plaintiff.

52.     By reason of the willful and intentional unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

53.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.
## SECOND CAUSE OF ACTION
### (Breach of Contract)

54.     Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

55.     Plaintiff and Defendants had a written employment contract, under which Defendant agreed to compensate Plaintiff for work performed.

56.     Plaintiff worked for Defendants promoting Defendants' products to customers in Texas and Mexico.

57.     Defendants breached the contract when they failed to pay Plaintiff his earned wages as stated in the contract.

58.     Plaintiff sustained damages as a result of Defendants' non-payment of wages.

## VII.
## THIRD CAUSE OF ACTION
### (Unjust Enrichment)

59.     Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

60.     Plaintiff performed work for Defendants for which he was not paid, but Defendants benefited from such work.

61.     Texas law prohibits "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Allen v. Berrey*, 645 S.W.2d 550, 553 (Tex. App. 1982) *quoting Fun Time Centers, Inc. v. Continental National Bank*, 517 S.W.2d 877, 884 (Tex. Civ. App. -- Tyler 1974, writ ref'd n.r.e.).

62.     It would be inequitable for Defendant to benefit from Plaintiff's work and completely fail to pay Plaintiff for such work.

## VIII.
## FOURTH CAUSE OF ACTION
### (*Quantum Meruit*)

63.     Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

64.     "The right to recover in *quantum meruit* is based on a promise implied by law to pay for beneficial services rendered and knowingly accepted." *Allen v. Berrey*, 645 S.W.2d 550, 553 (Tex. App. 1982) *citing Davidson v. Clearman*, 391 S.W.2d 48 (Tex. 1965).

65.    Defendants requested that Plaintiff provide his services as a Senior Account Manager, in exchange for compensation.

66.    Plaintiff performed work for Defendants and Defendants benefited from his work, but Defendants have refused to pay Plaintiff for his work.

67.    It would be inequitable for Defendant to benefit from Plaintiff's work and completely fail to pay Plaintiff for such work.

68.    Plaintiff is entitled to the reasonable value of services he performed and expenses he incurred for Defendants for which Defendants have not yet paid.

**IX.**
**PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff Antonio Enriquez respectfully prays as follows:

A.    That each Defendant be summoned to appear and answer this Complaint;

B.    That each Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

C.    A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, and its attendant and related regulations;

D.    Judgment for damages suffered by Plaintiff for all unpaid minimum wages and overtime wages under the Fair Labor Standards Act and its attendant and related regulations;

E.    Judgment for liquidated damages in an amount equal to all minimum wage compensation and unpaid overtime compensation owed to Plaintiff pursuant to the Fair Labor Standards Act and its attendant and related regulations;

F.    Judgment for damages equal to compensation owed to Plaintiff for his last

paycheck and expenses;

G.      Judgment for any and all civil penalties to which Plaintiffs may be entitled;

H.      Judgment for punitive damages to which Plaintiff is entitled;

I.      An order directing Defendants to pay Plaintiff prejudgment interest,

reasonable attorneys' fees, and all costs connected with this action; and

J.      Such other relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

**PLAINTIFF ANTONIO ENRIQUEZ**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com